IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CASSIDY PETTIS, M17856, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 25-cv-1518-DWD |
| | ) |
| PERCY MYERS, | ) |
| JOHN BRIWICK, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Cassidy Pettis, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Pinckneyville Correctional Center (Pinckneyville), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Plaintiff alleges that the defendants have violated his rights by failing to provide treatment for his torn ACL and MCL despite a recommendation that he be seen by an outside doctor. Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff claims that after two years of delay, discomfort, and pain, on January 14, 2025, medical staff told him that his pain was caused by two tears in his right ACL and MCL. (Doc. 1 at 5). He was informed that he would be sent to an outside doctor for treatment that would address his constant and debilitating pain. Despite these assurances, he claims he was not sent to an outside doctor, which promoted him to file an emergency grievance. His grievance was deemed an emergency by Warden Briwick on March 7, 2025, but he still has not received any care.

Plaintiff claims that Defendant Myers is the doctor at Pinckneyville, and thus Myers is responsible for his care but has delayed care and failed to follow-up on the recommendation for outside care. (Doc. 1 at 6). He faults Briwick for being made aware of the situation via the emergency grievance, but failing to act to ensure care was provided. (Doc. 1 at 6).

Plaintiff seeks injunctive relief in the form of an order that he be treated, he be transferred to another prison, and he be protected from retaliation. (Doc. 1 at 6). He also seeks monetary compensation. (Doc. 1 at 8).

Based on the allegations in the Complaint, the Court will designate the following claims:

> **Claim 1:** Eighth Amendment deliberate indifference claim against Defendant Percy Myers for failing to ensure Plaintiff received timely care for his right knee injury;
>
> **Claim 2:** Eighth Amendment deliberate indifference claim against Defendant Briwick for failing to follow-up on Plaintiff's

> **March 2025 emergency grievance about his need for further care for his right knee.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Analysis

### Claim 1

An Eighth Amendment claim arising from the denial of medical care consists of an objective and a subjective component. Berry v. Peterman, 604 F.3d 435, 439–40 (7th Cir. 2010). A plaintiff must show that he suffered from a serious medical condition (i.e., an objective standard) and also show that each defendant responded with deliberate indifference (i.e., a subjective standard). *Id.* To satisfy the subjective component, a prisoner must demonstrate that an official knew of and disregarded an excessive risk to inmate health. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Neither medical malpractice, nor mere disagreement with a doctor's medical judgment will amount to deliberate indifference. *Id.* Additionally, an inmate is not entitled to demand specific care, and a medical professional may choose from a range of acceptable courses of care. Walker v. Wexford Health Sources, Inc., 940 F.3d 954, 965 (7th Cir. 2019).

Plaintiff's allegations against Dr. Myers fault him for being in charge of medical care and failing to ensure Plaintiff received the follow-up care once it became obvious in January of 2025 that he had a torn ACL/MCL.  Plaintiff also complains that it took two years of pain and suffering before he was properly diagnosed, although he does not make it obvious if Myers saw him during this time or knew about his situation.  For now, the claim is sufficient to proceed, but it will ultimately require more detailed information about Myers' role in Plaintiff's care.

### Claim 2

Plaintiff faults Defendant Briwick for approving his grievance as an emergency in March of 2025, but then allowing the issue to languish through July of 2025 without further care.  For non-medical prison officials, such as administrators, an inmate may establish a claim of deliberate indifference if he can demonstrate that an official recklessly turned a blind eye to his serious medical need, or otherwise failed to exercise their authority to investigate and remedy the situation.  *See e.g.*, *Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015).  However, if an administrator does investigate and is informed by medical professionals that care is ongoing, then they may reasonably rely on the judgment of medical professionals.  *See e.g.*, *Hayes v. Snyder*, 546 F.3d 516, 527-28 (7th Cir. 2008) (administrators who promptly responded to an inmate's correspondence about deficient care, investigated, and then relied on the judgment of treating providers, were not deliberately indifferent).  At this early stage, Plaintiff's allegations against Briwick are sufficient because they suggest that Briwick was notified of an issue that he deemed an emergency, but that Briwick did not follow-up to make sure the issue was addressed.

### Request for Immediate Injunctive Relief

In the text of the complaint and the demand for relief, Plaintiff asks for: emergency medical treatment, transfer to another facility, and protection against retaliation. To seek a preliminary injunction, a plaintiff must establish: a likelihood of success on the merits of his claim; no adequate remedy at law; and, irreparable harm without the injunctive relief. See Mays v. Dart, 974 F.3d 810, 818 (7th Cir. 2020). As for the first requirement, the Court must determine whether "plaintiff has any likelihood of success—in other words, a greater than negligible chance of winning." AM General Corp. v. DaimlerChrysler Corp., 311 F.3d 796, 804 (7th Cir. 2002). "A movant's likelihood of success on the merits must be strong." Tully v. Okeson, 977 F.3d 608, 613 (7th Cir. 2020). A strong showing typically entails a demonstration of how the applicant intends to prove key elements of his case. Ill. Republican Party v. Pritzker, 973 F.3d 760, 762-63 (7th Cir. 2020); Doe v. University of Southern Indiana, 43 F.4th 784, 791-92 (7th Cir. 2022) (the court is not required to make inferences in the movant's favor for preliminary injunctive relief).

The Court must also decide whether an adequate remedy at law exists and whether the plaintiff will suffer irreparable harm without injunctive relief. Irreparable harm is harm which cannot be repaired. Graham v. Med. Mut. Of Ohio, 130 F.3d 293, 296 (7th Cir. 1998) ("Irreparable harm is harm which cannot be repaired, retrieved, put down again, atoned for. The injury must be of a particular nature, so that compensation in money cannot atone for it."). The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." Id.; Korte v. Sebelius, 735 F.3d 654, 665 (7th Cir. 2013). "This

equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665.

An injunction that seeks an affirmative act by the respondent is a mandatory preliminary injunction and should be sparingly issued. *Mays*, 974 F.3d at 818. If injunctive relief is warranted, the Prison Litigation Reform Act provides that the injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Injunctive relief must be related to issues in the underlying lawsuit. *See e.g., Tatum v. Hunter*, Case No. 22-2411 (S.D. Ill. 2023) (Doc. 16) (denying injunctive relief, where the injunctive relief sought was not narrowly tailored and did not align with the claims in the case) *aff'd in Tatum v. Hunter*, Case No. 23-2253 (7th Cir. May 16, 2024); *Daniels v. Dumsdorff, et al.*, Case No. 19-cv-394 (S.D. Ill. 2019).

As for Plaintiff's requests to be transferred or protected from retaliation, he has not demonstrated a need for either of these actions, and a prison transfer is one of the most extreme forms of injunctive relief because it extends far into the realm of prison administration and security.  As for retaliation, Plaintiff has not described any current retaliation, nor has he made any allegations about the particular defendants that suggests they pose a risk of retaliatory conduct.  Therefore, the Court will not grant injunctive relief in the form of a transfer or some sort of protective order from retaliation.

By contrast, Plaintiff plainly states that he has a torn ACL and MCL for which he was supposed to receive outside treatment in January of 2025, but as of July, he still had

not received treatment. He claims the injury is painful, and that he has already suffered two years of delays to get care. This is sufficient to require a response from Defendants. **Defendants shall respond about this issue within 21 days of service, and they shall include relevant medical documentation with their response.**

## Disposition

**IT IS HEREBY ORDERED THAT Claim 1** of the Complaint (Doc. 1) survives against Defendant Percy Myers, and **Claim 2** may proceed against Defendant John Briwick.

The Clerk of Court is **DIRECTED** to prepare for Defendant John Briwick: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation

of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 14 days after a change of address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute.  FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard HIPAA Order in this case because it will involve the exchange of medical records.

A ruling on Plaintiff's request for injunctive relief (Doc. 1 at 6, 8) shall be **DEFERRED**, and Defendant Briwick must respond to the allegations concerning injunctive relief within 21 days of entering an appearance.  Briwick's response must include a medical assessment of Plaintiff's current condition.  The Clerk of Court is

**DIRECTED** to place a freestanding "Motion for a Preliminary Injunction" on the docket sheet to reflect the demand in the complaint (Doc. 1 at 6, 8).

**IT IS SO ORDERED.**

Dated: August 13, 2025                                /s *David W. Dugan*

                                                                                        DAVID W. DUGAN
                                                                                        United States District Judge

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.